No.  90-434

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

  Plaintiff and Respondent,

 v.

RAYMOND "BUTCH" MORENO,

  Defendant and Appellant.


APPEAL FROM: District Court of the Second Judicial District,
      In and for the County of Silver Bow,
      The Honorable Mark P. Sullivan, Judge presiding.


COUNSEL OF RECORD:

  For Appellant:

    Ralph T. Randono, Esq., Great Falls, Montana

  For Respondent:

    Honorable Marc Racicot, Attorney General; Elizabeth
    L. Griffing, Assistant Attorney General; Helena,
    Montana

    Robert McCarthy, County Attorney; Brad Newman,
    Deputy County Attorney; Butte, Montana

FILED

APR 11 1991

Filed: *Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: January 24, 1991

Decided: April 11, 1991

_____
         Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

On May 9, 1990, Raymond "Butch" Moreno was convicted by a jury of criminal sale of dangerous drugs, a felony, in the Second Judicial District, Silver Bow County. He appeals from that conviction.

We affirm.

The issues raised on appeal are:

1. Was the defendant prejudiced by the name change on the transcription of the audio tape?

2. Was the defendant prejudiced by permitting the jury to hear discussion on admissibility of the transcript and defendant's motion to dismiss?

3. Was the defendant prejudiced by allowing the tape recorder to be taken into the jury room?

On January 31, 1990, an undercover operative for the Butte police department made a drug purchase while fitted with a body wire. The informant testified that he went to the defendant's house, where the defendant and another man were working, and purchased a gram of methamphetamine from the defendant. The defendant was subsequently arrested and charged with criminal sale of dangerous drugs.

At trial, the audio tape of the transaction was admitted into evidence. However, when the State attempted to admit a written transcript of the tape, the defendant objected on the grounds that the original transcript provided in discovery had different names

2

ascribed to the parties than the transcript being offered into evidence. A police officer then testified that when he had been going over the tape that morning before trial, he had noticed that "the secretary had used the wrong name as being the person speaking." Consequently, a revised transcript was provided to the defense the morning of the trial. The court did not permit either transcript to be admitted into evidence.

While the jury was deliberating, it asked for a tape recorder to listen to the tape. The court provided one "for fifteen minutes." The jury then returned a verdict of guilty of criminal sale of dangerous drugs.

Was the defendant prejudiced by the name change on the transcription of the audio tape?

The defendant argues that in changing the names on the transcription of the audio tape and not disclosing it until the day of the trial, the State did not comply with discovery rules, and thereby prejudiced the defendant. He relies primarily on § 46-15-327, MCA, which states:

> If at any time after a disclosure has been made any party discovers additional information or material that would be subject to disclosure had it been known at the time of disclosure, such party shall promptly notify all other parties of the existence of the additional information or material and make an appropriate disclosure.

The defendant maintains that because the first transcript identifies the third party at the house as the seller of the drugs, and the second one implicates the defendant, the last minute change

3

was prejudicial. He asserts that disclosure was not properly made according to § 46-15-327, MCA, because the revised transcript was only provided the day of the trial.

Two facts are problematic for the defendant. The first one is that neither of the transcripts at issue were admitted into evidence. The court noted that the best evidence was the recording itself and that the jury could make its own determination on the basis of it. We fail to see how the name change could constitute "additional information" when the transcripts were not even admitted.

The second problem is that even if the defendant had prepared for trial as if exculpatory evidence were going to be introduced by the State, he still had the benefit of the "best evidence" of the tape itself. Access to the best evidence rules out the possibility that the defendant's trial preparation was substantially impaired by the State's action.

Was the defendant prejudiced by permitting the jury to hear discussion on the admissibility of the transcript and the motion to dismiss?

Section 46-20-701, MCA, provides in part that:

(1) . . . No cause shall be reversed by reason of any error committed by the trial court against the appellant unless the record shows that the error was prejudicial.

The defendant contends that arguing the admissibility of the transcripts in front of the jury was "highly prejudicial." His

4

only proof of prejudice appears to be that no jury instruction was given about the tape/transcript problem.

Here, the jury never even saw the transcripts. An instruction could only have told them to disregard what it had not seen. It is true that the jury heard about a material change in the transcripts. However, the court did state during the trial that the tape was the best evidence, and having reviewed the instructions as a whole, we find no reason to believe that the jury would understand that it could consider material not in evidence. Merely witnessing the exchange regarding conflicting transcripts is not proof of prejudice.

Further, it was defense counsel who solicited information about the tapes in open court. He did not request an in camera voir dire of the detective or an in camera motion to dismiss. Because he failed to make these requests, we defer to the discretion of the trial court in the conduct of its proceedings and do not find prejudicial error.

Was the defendant prejudiced by allowing the tape recorder to be taken into the jury room?

After the case was submitted to the jury, the jury requested a tape recorder to play the recording of the drug transaction. Defense counsel consulted his client, who said he had no objection. The recorder was given to the jury without objection.

Section 46-20-104, MCA, governs the scope of appeal by the defendant:

5

(2) Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. <u>Failure to make a timely objection during the trial constitutes a waiver of the objection except as provided in 46-20-701(2)</u>. [Emphasis added.]

The defendant's failure to object at the time of trial waived his right to appeal the action.

Affirmed.

_William E. Hunt_
Justice

We concur:

_John Conway Harrison_

_Tom Trieweiler_

_R.C. McDonough_

_____
Justices

6